IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| COREY LOMAX, | ) |
| | ) Civil No. 06-1392-MO |
| Petitioner, | ) |
| | ) |
| v. | ) |
| | ) |
| BRIAN BELLEQUE, | ) |
| | ) OPINION AND ORDER |
| Respondent. | ) |

Daniel J. Casey
Attorney at Law
P.O. Box 82818
Portland, Oregon 97282-0818

　　　Attorney for Petitioner

Hardy Myers
Attorney General
Jonathan W. Diehl
Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, Oregon 97310

　　　Attorneys for Respondent

///

1 - OPINION AND ORDER

MOSMAN, District Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2254 in which he seeks to challenge the legality of his underlying state convictions for Aggravated Murder, Burglary, and Robbery. For the reasons which follow, the Petition for Writ of Habeas Corpus (#1) is denied.

## BACKGROUND

On May 5, 2000, petitioner was indicted in Multnomah County on five counts of Aggravated Murder, three counts of Burglary in the First Degree, two counts of Robbery in the First Degree, and one count of Robbery in the Second Degree. Respondent's Exhibit 111. In exchange for his testimony against his co-defendant, petitioner was allowed to plead guilty to Felony Murder, thereby avoiding a capital prosecution. Respondent's Exhibit 113. Although petitioner later attempted to withdraw the plea, his motion was denied, and the trial court sentenced petitioner to life in prison with a 25-year minimum term. Respondent's Exhibit 118, p. 31.

Petitioner did not take a direct appeal, but filed for post-conviction relief ("PCR") in Marion County where the PCR trial court denied relief. Respondent's Exhibits 120-122. The Oregon Court of Appeals summarily affirmed the PCR trial court's decision, and the Oregon Supreme Court denied review. Respondent's Exhibits 125. 127.

2 - OPINION AND ORDER

Petitioner filed this federal habeas corpus action on September 29, 2006 in which he argues that he was deprived of his rights to due process and the effective assistance of counsel when he was allowed to plead guilty while mentally incompetent. The parties dispute whether petitioner fairly presented his due process claim to Oregon's state courts. In addition, while the parties agree that petitioner failed to timely file this case, petitioner asserts that he is entitled to equitable tolling of the Anti-terrorism and Effective Death Penalty Act's one-year statute of limitations due to his mental illness.

The central issue underlying petitioner's due process and ineffective assistance of counsel claims is whether he was mentally incompetent at the time he entered his guilty plea, thereby rendering him incapable of entering a knowing, voluntary, and intelligent plea. Because the court concludes that petitioner was not mentally incompetent at the time of his plea, it declines to address the procedural issues and, instead, proceeds directly to the merits of petitioner's claims. *See* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the state.").

///

///

///

3 - OPINION AND ORDER

**DISCUSSION**

I.   **Standard of Review.**

An application for a writ of habeas corpus shall not be granted unless adjudication of the claim in state court resulted in a decision that was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state court's findings of fact are presumed correct, and petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

A state court decision is "contrary to . . . clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent." *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). Under the "unreasonable application" clause, a federal habeas court may grant relief "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id* at 413. The "unreasonable application" clause requires

4 - OPINION AND ORDER

the state court decision to be more than incorrect or erroneous. *Id* at 410. The state court's application of clearly established law must be objectively unreasonable. *Id* at 409.

## II. **Analysis.**

Due process requires that a defendant's guilty plea be voluntary and intelligent. *Boykin v. Alabama*, 395 U.S. 238, 242 (1969). A guilty plea is voluntary if it is given by a defendant who is fully aware of the direct consequences of his plea. *Mabry v. Johnson*, 467 U.S. 504, 509 (1984); *Brady v. United States*, 397 U.S. 742, 755 (1970). Petitioner must present sufficient evidence to defeat the "formidable" presumption of verity accorded to plea proceedings. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).

The PCR trial court found petitioner's plea to be "knowing, voluntary, and intelligent." Respondent's Exhibit 121, p. 2. It also found that "[p]etitioner was competent, was able to aid and assist in his own defense, and was not coerced into pleading. The record reflects that petitioner's judgment was not impaired, and he was not under duress." *Id.* Typically, these factual findings are entitled to a presumption of correctness absent clear and convincing evidence to the contrary. 28 U.S.C. § 2254(e)(1).

Petitioner argues that an intrinsic review of these factual findings are not entitled to the statutory presumption of correctness because the PCR trial court did not consider any of his evidence relating to his mental condition, thereby leading to an

5 - OPINION AND ORDER

unreasonable determination of the facts in light of the evidence presented. *See* 28 U.S.C. § 2254(d)(2). As evidence to support this contention, petitioner direct the court's attention to the fact that the PCR trial court's decision does not specifically reference the evidence he presented during his PCR trial.

The record reveals that petitioner was afforded a PCR trial during which he was allowed to develop his evidence, including his deposition testimony. Petitioner does not assert otherwise, but takes issue with the length and specificity of the PCR trial court's decision. This court is unaware of any authority which requires a federal habeas court to conclude that a state court's factual findings are unreasonable simply because the state court decision does not discuss the specific evidence presented by the non-prevailing party.

In addition, an independent review of the record provides ample support for the PCR trial court's factual findings regarding the voluntariness of petitioner's plea. Petitioner signed a Settlement Agreement as well as a Petition to Plead Guilty in which he identified the crime to which he was pleading guilty, the minimum sentence he would receive, and declared that he was signing the Petition and entering his plea voluntarily, intelligently, and knowingly. Petitioner's Exhibits 113-114. Counsel for petitioner also signed the Plea Petition, certifying that "defendant's

6 - OPINION AND ORDER

decision to enter this plea is made voluntarily intelligently, and knowingly." Respondent's Exhibit 113, p. 2.

Petitioner advised the criminal trial court that he did, in fact, sign the Plea Petition and wished to enter a guilty plea to Felony Murder where he would receive a life sentence with a 25-year minimum. Respondent's Exhibit 117, pp. 2-3, 5-6. He indicated that he had no questions pertaining to his Settlement Agreement, which he claimed to have discussed with his attorneys. *Id* at 6-7. Following further discussions with petitioner, the trial court ultimately accepted his guilty plea. *Id* at 14.

According to the affidavit of one of petitioner's trial attorneys, petitioner later informed his defense team that he wished to withdraw his guilty plea on the basis that he had been experiencing hallucinations at the time of his plea. Respondent's Exhibit 116, p. 2. This prompted the court to hold a competency hearing at which the defense psychologist, Sandra Jenkins, testified. According to Jenkins, she had evaluated petitioner three times prior to the entry of his plea. Respondent's Exhibit 117, pp. 12-13. She had not seen any indication of psychosis on petitioner's part during those three meetings. *Id* at 36, 41, 48, 64.

During the competency hearing, the trial judge noted, "It is clear to this Court that Mr. Lomax understood very well all of the issues that were confronting him when he made the decision to enter

7 - OPINION AND ORDER

into a negotiation for a plea to the reduced charge of Felony Murder." *Id* at 66. The trial judge also concluded that:

> . . . there simply is no credible evidence which causes me to doubt his fitness to proceed by reason of incapacity. At no time during the 18 months or so that he's been incarcerated has there been any report of psychosis that was considered or brought to the attention of Dr. Jenkins or this Court. At no time during the settlement negotiations which took place on the 26th was there any evidence of psychosis or an inability to understand the matters that were proceeding at that time. At no time when he was being advised by Judge Amiton that same afternoon of his right to be present when the jury arrived on Monday was there any evidence of psychosis. At no time on the hearing that I held on October 30th when the case was set for sentencing was there any evidence that I could observe when I looked at Mr. Lomax and listened to him of his suffering from psychosis. To the contrary, Mr. Lomax at that proceeding was, again, as articulate as he has consistently been throughout all of the proceedings. **He indicated, frankly, that his concern was that he be allowed to withdraw his plea for entirely different reasons, that is that he felt that upon reconsideration, he should not have entered the plea. It had nothing to do with his being psychotic. It had everything to do with his regret on the day scheduled for trial that he was instead a person who stood convicted before the Court.**

*Id* at 68-69 (emphasis added).

Petitioner's attorneys withdrew from the case, and Robert Reid was appointed to represent petitioner. Reid, however, was not willing to assist petitioner with a motion to withdraw his guilty plea because: (1) it was not in petitioner's interest to do so based on the overwhelming evidence against him in a capital case; and (2) such a motion might require Reid to "make representations to the court that I personally believe are not true" and "commit a

8 - OPINION AND ORDER

fraud upon the court." Respondent's Exhibit 118, pp. 2-4, 12-13. He was therefore allowed to withdraw from the case.

During the hearing on Reid's Motion to Withdraw, petitioner made it clear that the issue of his psychosis was not raised at his request, but was contemplated by his attorneys as a vehicle by which he might be able to withdraw his guilty plea:

> I didn't throw that issue into the case. My attorneys brought that issue up when I advised them that I wanted to withdraw my plea bargain, they brought that issue up as a reason for me being unable to aid and assist and be in a -- the right state of mind to make the decision to withdraw my plea bargain, that's where that issue came up. I did not bring that issue up in the -- in this situation as a defense or an offense for myself.

*Id* at 6. Petitioner later stated that "[t]he reason I do not want this sentence is because . . . I felt like I was extremely pressured and railroaded into taking the plea bargain, because I just don't want to take the plea bargain, because it is my right to not take the plea bargain, because it is my right to go to trial." Id at 14. At no time did petitioner claim he was hallucinating during his plea hearing.

Based on this record, it is apparent that petitioner did not suffer from a mental impairment such that he was unable to enter a knowing, voluntary, and intelligent guilty plea. Accordingly, the state court decisions denying relief on petitioner's claims are neither contrary to, nor unreasonable applications of, clearly established federal law.

///

9 - OPINION AND ORDER

**CONCLUSION**

For the reasons identified above, the Petition for Writ of Habeas (#1) is DENIED.

IT IS SO ORDERED.

DATED this  29th  day of September, 2008.

                                    /s/Michael W. Mosman
                                      Michael W. Mosman
                                      United States District Judge